TOWN OF NORTH STONINGTON vs. TOWN OF STONINGTON.

The statute (Rev. Stat., tit. 42, § 4,) provides that no inhabitant of any town in this state shall gain a settlement in any other town by residing therein six years, if during that time he has neglected or refused to pay any legal tax imposed upon him and duly demanded by the collector. Under this statute it is not necessary that the tax should have been abated by the selectmen.

If the abatement of the tax was necessary, and the case was one where the selectmen could properly make it, their motive in making it would not be important.

The declaration of the person of whom the tax was demanded, at the time of refusing to pay it, that one of the selectmen told him not to pay it, is not admissible as evidence that he was in fact so told by the selectman. Such a fact could only be proved by direct evidence.

The declaration of a person, not a party to the suit, as to his motive in doing an act, where not made at the time of the act and in such circumstances as to characterize the act, is not admissible in evidence for the purpose of proving that the act was done with the motive stated. Such evidence is mere hearsay.

ASSUMPSIT, to recover for supplies furnished to a pauper claimed to be an inhabitant of the defendant town. The case was tried to the jury in the superior court, on the general issue, before *Hinman, C. J.*

On the trial the principal question was, whether the pauper had gained a settlement in North Stonington by commorancy. He had resided in that town more than six years continuously, but the taxes legally imposed upon him during that time had none of them been paid, and if they had been properly demanded and payment refused he had not gained a settlement there. The defendants claimed that his taxes could at all times have been collected by the use of due diligence, out of personal property owned by him. The plaintiffs claimed they could not, and that, being regularly demanded and payment refused, they were abated by the selectmen. The defendants offered to prove, by declarations made by a member of the board of selectmen, that the motive for abating his tax was to prevent his gaining a settlement. They also offered to prove that when one of the taxes was demanded of him, he gave to the collector as a reason for not paying it, that one of the selectmen had told him that they did not want him to pay his taxes. This evidence, on objection, was not admitted.

The defendants requested the court to charge the jury, that if they should find that the pauper had personal property, visible, and in his possession, out of which the taxes could be collected by the use of due diligence, but no attempt was made so to collect them, and that if the collector was directed by the selectmen of North Stonington not to collect the taxes out of the property, then the neglect and refusal of the pauper to pay the taxes would not prevent him from acquiring a settlement in that town ; and that if, during six consecutive years of his residence in the town, he had sufficient property to pay his taxes, out of which such taxes could have been obtained by the use of due diligence, then the selectmen under the circumstances had no power to abate his taxes without his request or assent, and that the abatement was not legal when made for the express purpose of preventing him from gaining a settlement in the town.

The court charged the jury that, to prevent the pauper from gaining a settlement by a residence of six years in North Stonington, he must have refused during that time to pay the taxes that were legally imposed upon him, and were demanded of him by the collector ; that the demand must have been made in good faith, with a view to the collection of the taxes, and in such a manner that he had a fair and reasonable opportunity to pay them ; and that if at the time of such demand and refusal he was the owner of property of sufficient value to pay the taxes with the incident expenses of collection, and such property could be found by the use of due diligence, it was the duty of the collector to levy his warrant for the collection thereof on such property, and enforce the collection ; and that his neglect to do so would be evidence that the demand was not made in good faith, but was a mere pretence of demand, upon which the neglect of the pauper to pay would have no effect to prevent his gaining a settlement in North Stonington ; but that if the demand was fairly made, and on such demand he neglected to pay for an unreasonable length of time, and the collector was unable to collect the same by the use of reasonable diligence, then the selectmen might abate the taxes, and such demand and abatement would

prevent the residence of the pauper, during the time the taxes were so due and unpaid, and before the abatement thereof, from constituting a part of the six years' residence necessary in order to gain a settlement. The court also charged the jury that the selectmen had authority to abate such taxes of the pauper as were properly demanded of him in good faith, and payment thereof refused within the time allowed for such payment, and property sufficient for the payment of which could not be found; and that having such right to abate the taxes, their motives for doing so were not material.

The jury returned a verdict for the plaintiffs, and the defendants moved for a new trial for errors in the rulings and charge of the court.

*Wait* and *Pratt*, with whom was *Palmer*, in support of the motion.

*Hovey* and *Halsey*, contra.

SANFORD, J. The pauper had resided for six consecutive years in the town of North Stonington and supported himself during all that time, but he had paid no taxes, although they had been legally imposed upon him and had been actually demanded by the collector, and the question before the jury was, whether the pauper had " neglected or refused to pay " such taxes, within the meaning of the statute, title 42, chap. 1, sec. 4. That statute provides that " no inhabitant of any town in this state shall gain a settlement in any other town " by six years residence therein, if " at any time before the expiration of said term of six years " he shall have " neglected or refused to pay any legal taxes imposed on him within the time prescribed by law for payment, demand thereof having been made by the collector." See also Stat. Ed., 1835, page 319, 321; Ed. 1849, page 532. The statute in its terms is very explicit. Six years residence in a town shall be of no avail toward the acquisition of a settlement therein, if within that period the party has neglected or refused to pay, within the time prescribed by law, any tax legally imposed and duly demanded by the collector.

It being conceded that taxes were legally imposed upon the pauper, and were not paid, two inquiries, and only two, seem to remain and demand replies. First, were the taxes demanded by the collector? and secondly, did the pauper neglect or refuse to pay them?

1. It is conceded that the taxes were demanded by the collector in point of form, but the defendants contended that such demand was merely formal, and not in good faith, or for the purpose of obtaining payment, and that the taxes might have been collected from the pauper's property; while the plaintiffs claimed that they could not be collected from property, and that, having been regularly demanded and not paid, they were abated by the selectmen; and thereupon the defendants proposed to prove that one of the selectmen declared that the motive for abating one of the taxes was to prevent the pauper's gaining a settlement. The evidence was objected to, and we think was properly rejected.

In the first place, it was of no importance whether the tax was abated or not, and therefore the motive for making the abatement must be immaterial. The statute requires a demand and non-payment of the tax, but makes the acquisition of a settlement in no way dependent upon an abatement of the tax by the selectmen, or their omission to abate it.

But if such abatement was material, it is to be observed that the declaration offered to be proved was not that the selectmen had made it without authority or cause, or had made a false certificate regarding it, nor that the tax had in fact been paid, or had not been duly demanded and refused; but only, in substance, that the abatement was made in order to furnish evidence of facts, the proof of which would prevent the pauper's gaining a settlement in the town. Now the selectmen were the agents of the town. It was their duty to protect the town against the acquisition of a settlement therein by any person who did not pay his taxes, and we see nothing reprehensible, either in their doing what it is assumed the law required to prevent such acquisition, or in doing it for that very purpose. Nor do we see how their motives could affect the legal operation of their act. Besides, the declaration is not claimed to

Town of North Stonington *v.* Town of Stonington.

have been made at the time the act of abatement was performed. It was not therefore to be proved as characterising the act itself. And evidence of what the selectman said afterwards, about his motives and the motives of his fellows, was " hearsay " evidence only, and therefore inadmissible.

2. The court also rejected evidence offered by the defendants, to prove that, when the tax was demanded of the pauper, he gave as a reason for not paying it, that one of the selectmen had told him not to pay. This too was hearsay evidence and properly rejected. It was evidence to prove that the collector, or some one else, heard the pauper say that the selectman told him not to pay. Had it been material to prove that the selectman in fact told the pauper not to pay, (and we do not mean to assert that it might not have been material,) the pauper, or some other witness who heard the selectman say it, should have been called to prove it. The evidence went to prove that the pauper gave that excuse for his refusal to pay the tax, but whether he spoke the truth or not, whether the selectman ever told him what he asserted or not, there was no legal evidence. The law required of the pauper that he should pay the tax or fail to gain a settlement; and if the selectman could have furnished him with a valid excuse for his omission, and had in fact furnished such excuse, it should have been proved by legitimate evidence, not by proving that the pauper or any other person said so out of court.

The charge was in substantial conformity to the defendants' request, except as to the motives of the selectmen for making the abatement; and, as we have already seen, it was right in that respect. Under that charge the jury has found that the demand was made in good faith, that payment was refused, and that the tax could not have been collected from the pauper's property.

A new trial should be denied.

In this opinion the other judges concurred; except HINMAN, C. J., who having tried the case in the court below did not sit.